IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARY C. GOSHA, an individual; and KIT M. GOSHA, an individual, | No. 3:19-cv-00470-HZ |
| | OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| BANK OF NEW YORK MELLON CORPORATION FKA THE BANK OF NEW YORK, as Trustee (CWALT 2005-72), a Delaware Corporation; BAYVIEW LOAN SERVICING LLC, a Florida Corporation; and CLEAR RECON CORP., a California Corporation, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Pro Se Plaintiffs Gary C. Gosha and Kit M. Gosha bring this action against Defendants Bank of New York Mellon, Bayview Loan Servicing LLC, and Clear Recon Corp., alleging breach of contract; unfair trade practices under Or. Rev. Stat. § ("ORS") 646.608; violations of

1 – OPINION & ORDER

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(f)(6); and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e). Plaintiffs also seek a declaratory judgment regarding: (1) the rights of the parties under the Oregon Trust Deed Act, ORS 86.705, et seq.; and (2) Defendants Bank of New York's standing under the Note and Deed of Trust. Compl. ¶¶ 6, 63, ECF 1. With the filing of their complaint, Plaintiffs moved for a Temporary Restraining Order ("TRO") to prevent the foreclosure sale of their home.

On April 15, 2019, the Court issued a TRO restraining Defendants from conducting the foreclosure sale of Plaintiffs' home, then scheduled for April 23, 2019. Opinion & Order, ECF 18. On April 24, 2019, the Court held a preliminary injunction hearing. Mins. Proceedings, ECF 33. Because Plaintiffs are likely to succeed on the merits of their breach of contract claim and suffer irreparable harm in the absence of an injunction, the Court enjoins Defendants from pursuing the pending non-judicial foreclosure of Plaintiffs' home.

## BACKGROUND

Plaintiffs' claims arise out of various alleged procedural defects rendering Defendants' current non-judicial foreclosure of Plaintiffs' home unlawful, including but not limited to a breach of the notice provisions of the Deed of Trust. Compl. ¶¶ 1–5. Plaintiffs defaulted on their loan in September 2011, after their loan payments increased from $1,500 to $2,550 per month and their loan servicer allegedly told them that help was only available if they were in default. Compl. ¶ 29. Their servicer subsequently issued a "Notice of Attempt to Accelerate" and "threatened foreclosure." Compl. ¶¶ 29–30. What followed was seven years of conflict and litigation between Plaintiffs and Defendants over the foreclosure of Plaintiffs' home.

After Plaintiffs' prior suit was dismissed under Fed. R. Civ. P. 12(b)(6), Defendants voluntarily rescinded their initial non-judicial foreclosure proceedings. Compl. ¶ 18. To begin

the non-judicial foreclosure process a second time, Defendant Bayview—the loan servicer—invited Plaintiffs to participate in the Oregon Foreclosure Avoidance Program (OFAP) in June of 2018. Compl. ¶ 25. The OFAP conference ended "with an adverse result for" Plaintiffs because Bayview was provided with a certificate of compliance, required for them to pursue the non-judicial foreclosure under Oregon law. Compl. ¶ 43.

On October 10, 2018, Defendant Clear Recon Corp. filed its second Notice of Default in Washington County. Compl. Ex. J. On October 29, 2018, Plaintiffs sent a dispute letter to Defendant Clear Recon Corp. demanding that the foreclosure be rescinded. Compl. ¶ 47. The next day, Defendant Clear Recon Corp. rescinded the second notice of default and acceleration of the debt. Compl. ¶ 48, Ex. K.

On December 22, 2018, Plaintiffs were served with another Trustee's Notice of Sale commencing the pending non-judicial foreclosure at the heart of the present case. Compl. ¶ 49, Ex. A. The Notice indicates that the current beneficiary of the Deed of Trust is Defendant Bank of New York Mellon and the trustee is Defendant Clear Recon Corp. *Id.* at 4–5. The Notice reflects delinquent payments by Plaintiffs beginning in September of 2011, with a total required to reinstate of $247,892.26. *Id.* Along with the Notice of Sale, Defendants issued a third Notice of Default, which was recorded in the official records of Washington County on December 20, 2018. Clear Recon Decl. ¶¶ 7, 9, Ex. B, ECF 21. Since Defendants began the present judicial foreclosure, Plaintiffs have received unsolicited mail, calls, and flyers regarding the sale of their home. Compl. ¶¶ 56–57.

## STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is *likely*, not just possible[.]" *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases. *Id.* (noting also that the relevant test in the Ninth Circuit is described as the "serious questions" test where the likelihood of success is such that "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor") (internal quotation marks and brackets omitted).

The party requesting a preliminary injunction must carry its burden of persuasion by a "'clear showing'" of the four required elements set forth above. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek*, 520 U.S. at 972) (A "'preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'").

## DISCUSSION

Plaintiffs now seek a preliminary injunction, arguing that the pending non-judicial foreclosure of their home is unlawful. In part, Plaintiffs argue that Defendants breached the terms of the Deed of Trust by failing to comply with the notice provisions in § 22 before initiating the present non-judicial foreclosure. Pls. Mot. TRO 2, ECF 2. In response, Defendants argue that Plaintiffs are unlikely to succeed on the merits of this claim and point to an earlier notice sent to

Plaintiffs that complies with the notice provisions of § 22. Def. Opp'n TRO 14–15, ECF 19. Defendants further argue that the balance of the equities and the public interest factors both weigh in their favor. Hr'g Tr. 29:22–23, ECF 34. On the record before it, the Court agrees with the Plaintiffs and, after considering each of the *Winter* factors, finds that the issuance of a preliminary injunction is appropriate in this case.

First, Plaintiffs are likely to succeed on the merits on their breach of contract claim. Section 22 of the Deed of Trust provides that the Lender must give the Borrower notice prior to acceleration following the Borrower's breach. Compl. Ex. E § 22. This notice must include:

(a) the default;

(b) the action required to cure the default;

(c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and

(d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security instrument and sale of the Property.

*Id.* The notice must also include information about the right to reinstate after acceleration and the right to bring a court action. *Id.* Only when the default is not cured on or before the date specified in the notice may the Lender require immediate payment in full and "invoke the power of sale and any other remedies permitted by Applicable Law." *Id.* If the Lender invokes the power of sale, an additional notice of default and election to sell must be executed as required under Applicable Law. *Id.*

As to the present non-judicial foreclosure, Defendants likely breached the Deed of Trust. As Defendants admitted at oral argument, sending the notice prior to acceleration under § 22 of the Deed of Trust is a condition precedent to foreclosure. Hr'g Tr. 14:17–15:6; *cf. Page v. Cushing*, 80 Or. App. 690, 697, 724 P.2d 323 (1986) (When the plaintiff cured a prior default

5 – OPINION & ORDER

and the defendants "did not perform the condition precedent of giving notice of nonpayment and the opportunity to cure" a second time upon the plaintiff's second default, "the action for strict foreclosure was premature[.]"). It appears, however, that Defendants did not comply with this condition precedent because Defendant Clear Recon rescinded the acceleration of the debt in October of 2018 when it rescinded the second notice of default: "[t]he undersigned does hereby rescind, cancel and withdraw the acceleration of the debt and said notice of default[.]" Compl. Ex. K at 1. Logically, by rescinding the acceleration of the debt Defendants also rescinded the earlier notices of acceleration that included the information required under § 22. Without providing a new notice to Plaintiffs, Defendants could not invoke the power of sale under the terms of the Deed of Trust. Because Defendants did just that, the Court find that Plaintiffs are likely to succeed on their claim for breach of contract.

Second, as the Court noted previously, Plaintiffs are likely to suffer irreparable harm should the foreclosure sale proceed. Opinion & Order at 4, ECF 18. Plaintiffs face the loss of their home, which they have lived in for 22 years, and both are "seniors, in [their] 70's with disabilities." Gary Gosha Decl. 2, ECF 3; Kit Gosha Decl. 2, ECF 4. Plaintiffs assert that the loss of the property could result in serious medical complications. *Id.*

Third, the public interest in this case is generally neutral. "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction." *Stormans v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009) (brackets, citations, and quotations omitted). Here, the reach of the injunction is narrow and is limited only to the present foreclosure efforts by Defendants against Plaintiffs and has no impact on non-parties.

Finally, the Court finds that the balance of equities is neutral. "The district court has a duty to balance the interests of all parties and weigh the damage to each." *Selecky*, 586 F.3d at 1138 (citations and ellipses omitted). "To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it." *Univ. of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999) (citing *Los Angeles Mem'l Coliseum Comm'n v. NFL,* 634 F.2d 1197, 1203 (9th Cir. 1980)). Plaintiffs are likely to suffer irreparable harm in the absence of an injunction, and Defendants will suffer harm with the issuance of an injunction. Though Defendants' harm is primarily financial in nature, the Court is sensitive to the posture of this case. Plaintiffs are sophisticated pro se litigants who have avoided foreclosure by Defendants over the past seven years, twice by filing suit in this Court. And Plaintiffs have already litigated—and lost—Oregon Trust Deed Act claims that are similar, if not identical, to the Oregon Trust Deed Act claims that constitute the bulk of Plaintiffs' present suit. *See* Def. Opp'n TRO 9–11. Thus, while Plaintiffs are likely to succeed on their very narrow breach of contract claim, the Court has serious doubts as to the merits of Plaintiffs' other claims. Balancing the interests and injury of all parties, the Court finds that an injunction in this case presents equal hardship to Defendants and Plaintiffs.

Plaintiffs, however, have made a strong showing on the first and second factors such that the balance of the factors weighs in their favor. Accordingly, Defendants are enjoined from pursing the current non-judicial foreclosure against Plaintiffs' home.

///

///

///

## CONCLUSION

Plaintiffs' request for a preliminary injunction is GRANTED. Plaintiffs shall file a response to Defendants' Motion to Dismiss [28] within 14 days of this Opinion & Order.

IT IS SO ORDERED.

Dated this \_\_\_\_5\_\_\_\_ day of \_\_\_June\_\_\_\_, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge