IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY C. GOSHA, an individual; and KIT M. GOSHA, an individual,

        Plaintiffs,

   v.

BANK OF NEW YORK MELLON CORPORATION FKA THE BANK OF NEW YORK, as Trustee (CWALT 2005-72), a Delaware Corporation; BAYVIEW LOAN SERVICING LLC, a Florida Corporation; and CLEAR RECON CORP, a California Corporation,

        Defendants.

No. 3:19-cv-00470-HZ

OPINION & ORDER

Gary C. Gosha
Kit M. Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062

    Pro Se Plaintiffs

1 – OPINION & ORDER

Peter J. Salmon
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
San Diego, CA 92117

      Attorney for Defendants

HERNÁNDEZ, District Judge:

      Plaintiffs Gary Gosha and Kit Gosha bring this action against Defendants Bank of New York Mellon ("BONYM"), Bayview Loan Servicing ("Bayview"), and Clear Recon Corp. ("CRC") for declaratory judgment, breach of contract, and violations of the Oregon Unfair Trade Practices Act ("OUTPA"), Real Estate Settlement Procedures Act ("RESPA"), and Fair Debt Collection Practices Act ("FDCPA"). Defendants move to dismiss Plaintiffs' First Amended Complaint ("FAC"). For the reasons explained below, the Court grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

      The facts giving rise to this action were described in detail in the Court's October 18, 2019 Opinion & Order and are not reproduced here except as necessary to resolve the present motion. Op. & Order, ECF 46. This case involves claims stemming from Defendants' third attempt to initiate a non-judicial foreclosure of Plaintiffs' home in December 2018. FAC ¶¶ 59–61, ECF 47. Plaintiffs allege that they were current on their mortgage payments until September 2011. *Id.* ¶ 7. In October 2011, BONYM's prior loan servicer, BANA, sent Plaintiffs a Notice of Intent to Accelerate and Foreclose. FAC ¶ 8, Ex. C. The Notice indicated that if Plaintiffs failed to cure the default by November 16, 2011, the lender would accelerate the loan and initiate foreclosure. FAC Ex. C. BANA sent a second Notice of Intent to Accelerate and Foreclose on April 4, 2013. FAC ¶ 15, Ex. F.

Defendant BONYM initiated the first non-judicial foreclosure on Plaintiffs' home in 2015. FAC ¶ 19. In 2016, Plaintiff sued Defendants in the District of Oregon to stop the 2015 foreclosure. Compl., ECF 1, *Gosha v. Bank of N.Y. Mellon*, No. 3:16-cv-00073-BR. That case was dismissed with prejudice on December 13, 2016. Op. & Order 31, ECF 133, No. 3:16-cv-00073-BR. After the Court dismissed that case, CRC, on BONYM's behalf, rescinded the Notice of Default. *Id.* ¶¶ 20, Ex. I. The Rescission of Notice of Default filed in Washington County public records in May 2017 indicated that CRC "does hereby rescind, cancel and withdraw said notice of default provided, however, that such rescission, cancellation and withdrawal shall be deemed only an election, without prejudice, not to proceed with the sale of the property covered by said deed of trust[.]" FAC Ex. I, ECF 47.

In June 2018, Bayview invited Plaintiffs to participate in the Oregon Foreclosure Avoidance Program ("OFAP") to explore alternatives to foreclosure. FAC ¶ 24. Leading up to a resolution conference, Bayview sent Plaintiffs various records. *Id.* ¶¶ 27–41. The loan statements and documents included $48,668.54 in additional charges. *Id.* ¶ 41. Plaintiffs sent a Qualified Written Request ("QWR") to Bayview in July 2018 seeking documentation to support the additional charges. *Id.* ¶ 42, Ex. N. Bayview refused to provide support for the extra charges. *Id.* ¶ 43–44, Ex. O at 3–5.

In August 2018, Plaintiffs and Bayview attended an OFAP resolution conference. *Id.* ¶ 47. Plaintiffs allege that they attended the OFAP resolution conference with the belief that Bayview wanted to discuss possible alternatives to foreclosure. *Id.* ¶¶ 46–47. Plaintiffs allege that they requested a two-week continuance of the resolution conference when their counsel was unable to attend, and Bayview and the OFAP facilitator refused to continue the conference. *Id.* ¶ 48–50. During the conference, Plaintiffs attempted to ask questions about the payoff and

reinstatement quotes Bayview had provided and discuss alternatives to foreclosure. *Id*. ¶ 51. Plaintiffs allege that the OFAP facilitator and Bayview's attorney "deliberately thwarted" Plaintiffs' efforts. *Id*. After the conference, BONYM received a Certificate of Compliance with the OFAP program. *Id*.

CRC filed a second Notice of Default in Washington County records on October 10, 2018. FAC ¶ 22. CRC rescinded the Notice of Default on October 30, 2018. *Id*. The October 30, 2018 Rescission of Notice of Default indicated that CRC "does hereby rescind, cancel and withdraw the acceleration of the debt and said notice of default, provided, however, that such rescission, cancellation and withdrawal be deemed only an election, without prejudice, not to proceed with the sale of the property covered by said deed of trust[.]" FAC Ex. S, ECF 1.

CRC initiated a third non-judicial foreclosure—the one at issue in this case—in on December 12, 2018. FAC ¶ 23. It did not serve Plaintiffs with a notice of intent to accelerate, as the previous loan servicer had in 2011 and 2013. *Id*. ¶ 62. Plaintiffs allege that in preparing to move forward with the non-judicial foreclosure, CRC failed to provide Plaintiffs notices required by Oregon law and to properly serve them with those notices. *Id*. ¶¶ 62–67.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendants argue that Plaintiffs have failed to state a claim for breach of contract, declaratory judgment, and violations of the OUTPA and FDCPA. The Court addresses the sufficiency of each claim.

///

///

I. **Breach of Contract Claims**

Defendants move to dismiss Plaintiffs' claims that Defendants breached the Deed of Trust securing the note when they issued a Notice of Default without first providing Plaintiffs notice of an intent to accelerate the loan as required by section 22 of the Deed of Trust. Defendants move to dismiss the remainder of Plaintiffs' breach of contract claims on the ground that they are barred by claim preclusion.

A. Notices of Intent to Accelerate

Plaintiffs allege that Bayview breached section 22 of the Deed of Trust when it failed to send Plaintiffs a new written "Notice of Intent to Accelerate" thirty days before it served Plaintiffs with a Notice of Default. FAC ¶ 90, ECF 47. According to Plaintiffs, by rescinding the previous Notice of Default in October 2018, Defendants also rescinded the 2011 and 2013 Notices of Intent to Accelerate. As a result, Plaintiffs allege that Defendants had to serve Plaintiffs with a new Notice of Intent to Accelerate thirty days before filing the Notice of Default in December 2018. Compl. ¶ 62.

Section 22 of the Deed of Trust provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

FAC Ex. L at 10. Defendants argue that the Notices of Intent to Accelerate they sent to Plaintiffs in 2011 and 2013 satisfied the requirements of section 22 of the Deed of Trust. Def. Mot. 8.

6 – OPINION & ORDER

Defendants further argue that because they did not actually accelerate the loan after serving the Notice of Intent to Accelerate, rescinding the Notice of Default in October 2018 did not rescind the 2011 and 2013 Notices of Intent to Accelerate, which remained in effect until the December 2018 Notice of Default. *Id*. As a result, Defendants argue, Plaintiffs have failed to state a claim for breach of contract. *Id*.

Plaintiffs respond that the 2011 Notice of Intent to Accelerate was no longer effective after Plaintiffs' loan debt was discharged in their 2012 bankruptcy and that the 2013 Notice of Intent to Accelerate was sent for informational purposes only. Pls. Resp. 7. Plaintiffs emphasize that Defendants' argument that the 2011 and 2013 Notices of Intent to Accelerate remained effective in 2018 is inconsistent with its decision to send the 2013 Notice because if the 2011 Notice of Intent to Accelerate remained in effect, as they argue, Defendants did not need to send a notice in 2013. By doing so, Plaintiffs argue, Defendants tacitly admitted that the 2011 notice was no longer effective. *Id*. at 7–8. Plaintiffs also argue that because section 22 of the Deed of Trust requires the notice to include the amount needed to cure the default and the deadline by which the default must be cured in order to avoid acceleration of the debt and foreclosure, the 2011 and 2013 notices of intent to accelerate were defective because they did not include the amount in default in 2018 or a deadline to cure any default in 2018.

In support of their argument that the 2011 and 2013 Notices of Intent to Accelerate were sufficient to initiate non-judicial foreclosure proceedings under section 22 of the Deed of Trust after they rescinded the Notice of Default in 2018, Defendants rely on *U.S. Bank Nat'l Ass'n v. Vettrus*, 285 Or. App. 629 (2017). In *Vettrus*, the Oregon Court of Appeals analyzed whether a declaration and attached notice which did not meet the requirements of section 22 of a similar deed of trust were sufficient evidence on which to grant the plaintiff lender summary judgment

7 – OPINION & ORDER

in a foreclosure action. 285 Or. App. at 635–37. The lender argued that although the notice did not comply with the requirements of section 22 of the deed of trust, the declaration attested that the borrower received other notices which did meet the requirements of section 22 of the deed of trust. *Id*. at 635. The court held that the declaration and noncompliant notice in the record were insufficient to establish that compliant notices were sent and that the plaintiff lender had failed to meet its burden on summary judgment to establish that no genuine issue of material fact existed that the lender provided adequate notice under section 22 of the deed of trust. *Id*.

*Vettrus* does not assist the Court in determining whether Notices of Intent to Accelerate sent to Plaintiffs five years earlier remained effective after Defendants' rescission of the Notice of Default in October 2018. A fair reading of section 22 of the Deed of Trust, which requires (1) delivery of the notice at least thirty days before initiation of a non-judicial foreclosure and (2) the notice to include the amount in default and the deadline to cure the default, suggests that the Deed of Trust contemplated a new notice to be sent before each Notice of Default. The authority cited by Defendants does not compel the conclusion that notices sent years earlier with default amounts and deadlines to cure that were no longer accurate satisfied the terms of section 22 of the Deed of Trust. As a result, the Court denies Defendants' motion to dismiss Plaintiffs' breach of contract claims on that basis.

B.   Claim & Issue Preclusion[1]

Defendants move to dismiss Plaintiffs' breach of contract claims based on issues surrounding Plaintiffs' participation in the 2011 OFAP and Defendants' objection to Plaintiffs'

---

[1] The Court previously dismissed Plaintiffs' breach of contract claims based on their argument that Defendant BONYM lacked legal authority to enforce the Note because assignments of the Note were invalid. Op. & Order 8. That claim remains dismissed with prejudice, and this Opinion & Order does not affect the Court's prior ruling.

8 – OPINION & ORDER

attempt to reaffirm their home loan in Plaintiffs' 2012 Chapter 7 bankruptcy. Defs. Mot. 11. Defendants argue that both claims are barred by claim preclusion. *Id*.

The United States Supreme Court held that "[o]nce a court has decided an issue, it is 'forever settled as between the parties[.]'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–03 (2015) (quoting *Baldwin v. Iowa State Traveling Men's Assn.,* 283 U.S. 522, 525 (1931)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–54 (1979). The general rule is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc.,* 135 S. Ct. at 1302–03 (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)).

In 2016, Plaintiffs filed suit against the same defendants it sued in this action seeking a declaratory judgment establishing that the Trust Deed is "void" and raising related claims under the Consumer Protection Act, Oregon's Unfair Trade Practices Act, and for fraud and promissory estoppel stemming from Defendants' attempt to foreclose on the "void" Trust Deed. Compl., ECF 1, *Gosha v. Bank of N.Y. Mellon*, No. 3:16-cv-00073-BR. To the extent that Plaintiffs' FAC alleges that Defendants' conduct surrounding the 2011 OFAP and Plaintiffs' 2012 bankruptcy could form the basis of their claims in this action, they are precluded. Plaintiffs had a full and fair opportunity to litigate claims relating to the reaffirmation of their mortgage in the 2012 bankruptcy and/or the 2016 prior litigation. Similarly, they had a full and fair

9 – OPINION & ORDER

opportunity to litigate their claims surrounding the 2011 OFAP process during the prior litigation. Accordingly, Plaintiffs' breach of contract claims based on Defendants' conduct during the 2011 OFAP process and Plaintiffs' 2012 bankruptcy are dismissed with prejudice.

## II.     Oregon Unfair Trade Practices Act

Plaintiffs' FAC alleges that the legal basis for their OUTPA claims is violations of Or. Admin. R. § ("O.A.R.") 137-20-805(3)–(6). FAC ¶¶ 100–113. The factual basis for Plaintiffs' OUTPA claims is that Bayview offered Plaintiffs an opportunity to explore possible alternatives to foreclosure, but then refused to explore those alternatives during the 2018 OFAP resolution conference. FAC ¶¶ 46–51. Plaintiffs allege that they attended the 2018 OFAP resolution conference in August 2018 and asked to reschedule it when their attorney could not attend due to a scheduling conflict. *Id*. ¶ 47–49. Plaintiffs allege that they asked Bayview questions about alternatives to foreclosure and to verify the reinstatement and payoff quotes Plaintiffs had received, and Bayview's attorney instructed Bayview not to answer Plaintiffs' questions. *Id*. ¶ 50–51. The OFAP resolution conference ended, and BONYM received a Certificate of Compliance that authorized it to proceed with foreclosure. *Id*. ¶ 52.

Plaintiffs allege that Defendant Bayview violated O.A.R. 137-20-805(4) when it failed to provide accurate loan payoff and reinstatement amounts in payoff quotes and loan statements and failed to provide documentation supporting its assertion that Plaintiffs owed additional amounts listed in loan statements. *Id*. ¶¶ 103. Plaintiffs allege that Defendant Bayview also violated O.A.R. 137-20-805(5) when it violated RESPA by failing to conduct a reasonable investigation into Plaintiffs' QWR requesting an explanation of the $48,668.54 in extra charges on their loan statement. *Id*. ¶¶ 104–105. Plaintiffs also allege that Defendant Bayview violated O.A.R. 137-20-805(6) when it filed a declaration claiming the existence of an April 2013 notice

of intent to accelerate the loan when Bayview (1) failed to produce that document in the prior litigation; (2) refused to agree to a two-week postponement of the 2018 OFAP resolution conference; (3) engaged in abusive foreclosure practices by initiating, and then rescinding, three foreclosures of Plaintiffs' home; (4) alleged default damages in various documents before, during, and after the prior litigation that it admitted it could not prove during a hearing held in the prior litigation; (5) refused to offer alternatives to foreclosure when it had offered to explore those alternatives before the 2018 OFAP resolution conference; and (6) initiated the 2018 foreclosure in breach of the Deed of Trust. *Id*. ¶¶ 106–111.

Plaintiffs allege that Defendant CRC violated O.A.R. 137-20-805(4) when it filed foreclosure documents in public records in which it represented that it had a right to foreclose on the property and failed to provide certified mailing receipts to Plaintiffs on request. *Id*. ¶¶ 101–102. Plaintiffs allege that Defendant CRC violated O.A.R. 137-20-805(6) when it breached the Deed of Trust and failed to provide certified mail receipts establishing that CRC properly served Plaintiffs with foreclosure documents in December 2018. *Id*. ¶ 112–113.

Defendants argue that Plaintiffs' OUTPA claims should be dismissed because they arise from the 2018 OFAP process, and the Oregon laws establishing OFAP provide no private right of action. Alternatively, Defendants argue that if Plaintiffs could bring a claim arising out of the OFAP process, they had to do so through Oregon's Administrative Procedures Act, which required that they seek judicial review of an agency final order within sixty days. Defs. Mot. 13–14.

Plaintiffs respond that O.R.S. 646.638(1) provides a private right of action for violations of OUTPA. Pls. Resp. 3. Plaintiffs are correct. O.R.S. 646.638(1) provides:

> Except as provided in subsections (8) and (9) of this section, a person that suffers an ascertainable loss of money or property, real or personal, as a result of another

11 – OPINION & ORDER

person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater. The court or the jury may award punitive damages and the court may provide any equitable relief the court considers necessary or proper.

O.R.S. 646.638 does not require a person asserting a private right of action for violation of O.R.S. 646.608 to pursue action on an agency final order. Instead, O.R.S. 646.638 provides that an individual may bring an action within one year of discovery of the violation of O.R.S. 646.608. O.R.S. 646.638(6).

Plaintiffs allege that Defendants violated various Oregon Administrative Rules that establish unfair trade practices under O.R.S. 646.608. FAC ¶¶ 97–98. O.R.S. 646.608(u) defines as an unfair trade practice "any other unfair or deceptive conduct in trade or commerce." O.R.S. 646.608(4) limits that definition by requiring that the Attorney General "first establish[] a rule in accordance with the provisions of ORS chapter 183 declaring the conduct to be unfair or deceptive in trade or commerce." The Oregon Attorney General promulgated rules defining unfair and deceptive acts in mortgage loan servicing, which are set forth in O.A.R. 137-20-805. Plaintiffs allege violations of various subsections of O.A.R. 137-20-805, which provides in relevant part, that a mortgage loan servicer engages in unfair or deceptive conduct in trade or commerce if it:

> (3) Misrepresents to a borrower any material information regarding a loan modification;
>
> (4) Misrepresents any information set forth in an affidavit, declaration, or other sworn statement detailing a borrower's default and the servicer's right to foreclose;
>
> (5) Fails to comply with the requirements of the following provisions of the Real Estate Settlement Procedures Act of 1974, as in effect on January 1, 2012: 12 USC 2605(b), 12 USC 2605(c), 12 USC 2605(d), or 12 USC 2605(e); or,
>
> (6) Fails to deal with a borrower in good faith.

12 – OPINION & ORDER

O.A.R. 137-20-805(3)–(6). Plaintiffs alleged violations of each of those subsections. FAC ¶¶ 99–113. Defendants do not challenge the factual sufficiency of the allegations underlying Plaintiffs' claims that Defendants Bayview and CRC violated O.A.R. 137-20-805. Instead, they argue that Plaintiffs' allegations amount to a de facto challenge of the propriety of OFAP's decision to issue Defendants a Certificate of Compliance following the 2018 OFAP resolution conference. Defs. Mot. 12–13. The Court disagrees. Broadly construing the FAC in the light most favorable to Plaintiffs, they have sufficiently alleged unfair trade practices based on Defendants' conduct, which Plaintiffs allege amount to violations of O.A.R. 137-20-805. To the extent that Plaintiffs' allegations can be construed to challenge OFAP's decision to issue a Certificate of Compliance, that claim is dismissed with prejudice. *See* O.R.S. 86.732(4) (requiring the OFAP service provider to issue a certificate of compliance if the beneficiary of a trust deed meets certain statutory requirements). The Court denies Defendants' motion to dismiss the remainder of Plaintiffs' OUTPA claims.[2]

Defendant CRC moves to dismiss Plaintiffs' OUTPA claim on the additional ground that it is premised on a breach of section 22 of the Deed of Trust. Defs. Mot. 16. Because the Court finds that Plaintiffs have sufficiently alleged a breach of the Deed of Trust and Defendant CRC offers no additional argument for dismissal of Plaintiffs' OUTPA claim, the Court denies

---

[2] Defendants also argue that the Court should dismiss Plaintiffs' OUTPA claims because they attempt to relitigate issues concerning the preliminary injunction bond hearing in the prior litigation between the parties. Defs. Mot. 15–16. Plaintiffs' references to the preliminary injunction bond hearing appear to attempt to provide factual background to support their claim that Defendants included inaccurate default amounts in communications to Plaintiffs rather than allege a separate violation of OUTPA based on Defendants' conduct during the preliminary injunction bond hearing in the prior litigation. FAC ¶¶ 102–03 (alleging that Defendants asserted a default amount that they admitted they could not substantiate months earlier during the preliminary injunction bond hearing). To the extent that Plaintiffs' FAC states OUTPA claims based on Defendants' representations during the prior litigation, those claims are barred by claim preclusion and dismissed with prejudice as set forth in section I.B. of this Opinion & Order.

Defendant CRC's motion to dismiss Plaintiffs' OUTPA claim based on breach of the Deed of Trust.

### III.  Fair Debt Collection Practices Act

Plaintiffs allege that CRC violated the FDCPA when it initiated a non-judicial foreclosure without authority to do so under the Deed of Trust because it did not first provide a new Notice of Intent to Accelerate. FAC ¶ 146. Defendant CRC moves to dismiss Plaintiffs' claim that CRC violated the FDCPA. Defs. Mot. 16.

Defendant CRC argues that the Court should dismiss Plaintiffs' FDCPA claim because it is premised on Plaintiffs' allegations that CRC lacked authority to foreclose on Plaintiffs' property because CRC did not comply with section 22 of the Deed of Trust. *Id*. Defendant CRC argues that because the 2011 and 2013 Notices of Intent to Accelerate remained effective even after CRC rescinded the October 2018 Notice of Default, CRC had authority to foreclose on the Deed of Trust in December 2018 and, as a result, CRC did not violate the FDCPA. The Court has found that Plaintiffs sufficiently alleged that Defendants breached section 22 of the Deed of Trust by failing to provide a new Notice of Intent to Accelerate before initiating a non-judicial foreclosure. As a result, Plaintiffs' allegations are sufficient to state a claim that CRC violated the FDCPA by initiating a non-judicial foreclosure without legal authority to do so. Consequently, Defendant CRC's motion to dismiss Plaintiffs' FDCPA claim is denied.

### IV.  Declaratory Judgment

Defendant CRC moves to dismiss Plaintiffs' claims for declaratory judgment because they are barred by claim preclusion or fail to state a claim as a matter of law. Defs. Mot. 17.

#### A.  Failure to State a Claim

Defendant CRC argues that Plaintiffs failed to state a claim for violation of O.R.S. 86.756 because documents subject to judicial notice establish that CRC complied with the requirements

of O.R.S. 86.756. Plaintiffs did not directly respond to CRC's motion to dismiss their claim that CRC violated O.R.S. 86.756. Instead, they indicated that if the Court finds that their declaratory judgment claims are derivative of their OUTPA and breach of contract claims, Plaintiffs request to withdraw their claims for declaratory relief without prejudice pending final resolution of their other claims. Pls. Resp. 4. Because neither party has briefed the question of whether Plaintiffs' declaratory judgment claims are derivative of their other claims, the Court makes no such finding.

Plaintiffs' declaratory judgment claim seeks, in part, a declaratory judgment that CRC improperly served Plaintiffs with notices required by Oregon law before initiating the December 2018 non-judicial foreclosure. FAC ¶¶ 75–77. Plaintiffs allege that Defendant CRC served them with the Trustee's Notice of Sale but failed to serve them with the "Danger Notice" required by O.R.S. 86.756. O.R.S. 86.756 provides that "the sender of a notice of sale under ORS 86.764 shall, on or before the date the notice of sale is served or mailed, give notice under this section to the grantor by both first class and certified mail with return receipt requested to all addresses on file with the sender for the grantor, including post office boxes."

Plaintiffs' improper service claims are based on the factual allegations in paragraphs 64 and 65 of the FAC. FAC ¶ 76. Paragraphs 64 and 65 of the FAC allege that Defendant CRC failed to include the "Danger Notice" in the documents it personally served on them. *Id*. ¶ 64. Those paragraphs also allege that Plaintiffs notified Defendant CRC of its failure to serve them with the "Danger Notice" and that Defendant CRC failed to provide copies of the certified mailing receipts demonstrating proper service under O.R.S. 86.756. *Id*. ¶ 65.

Plaintiffs' allegations fail to state a claim that Defendant CRC violated O.R.S. 86.756. First, the statute did not require Defendant CRC to personally serve Plaintiffs with the "Danger

15 – OPINION & ORDER

Notice." O.R.S. 86.756(1) (requiring service by first class and certified mail). Second, Plaintiffs do not allege that Defendant CRC failed to serve the "Danger Notice" by first class and certified mail. FAC ¶¶ 64–65, 76. Instead, their FAC simply alleges that CRC refused to prove, with certified mail receipts, that it properly served Plaintiffs with the "Danger Notice." O.R.S. 86.756 does not require CRC to provide Plaintiffs certified mail receipts. The FAC incorporates a letter identified as Exhibit T to the FAC which refers to documents that Plaintiffs claim they received on December 22, 2018, but those documents are not attached to Exhibit T. FAC ¶ 64, Ex. T, ECF 47. December 22, 2018, is the date that Plaintiffs allege they received personal service of the Trustee's Notice of Sale, FAC ¶ 64, which O.R.S. 86.756 did not require to include the "Danger Notice." As a result, Plaintiffs have failed to state a claim for declaratory judgment based on a violation of O.R.S. 86.756.[3] Because that deficiency can be cured with amendment, the Court grants Plaintiffs leave to amend to cure the insufficiency of their allegation that Defendant CRC violated O.R.S. 86.756.

Defendant CRC also moves to dismiss the allegations in paragraph 77 of Plaintiffs' FAC. In paragraph 77, Plaintiffs allege that CRC initiated an unlawful non-judicial foreclosure when it filed false affidavits in public records claiming that it had authority to foreclose on Plaintiffs' property when it did not. FAC ¶ 77 (citing FAC ¶¶ 66–67). Paragraphs 66 and 67 of Plaintiffs' FAC allege that the Affidavit of Compliance that CRC filed in public records inaccurately attested that CRC had the authority to foreclose on the property, reflected inaccurate charges

---

[3] Defendant CRC also argues that Plaintiffs failed to state a claim because documents subject to judicial notice establish that CRC mailed the required notices to Plaintiffs. Defs. Mot. 18–19. Plaintiffs argue in response that the Court should not take judicial notice of the documents Defendant CRC relies on because Plaintiffs dispute the accuracy of the documents. Pls. Resp. 6. The Court need not address those arguments because it finds that Plaintiffs failed to state a claim for violation of 86.756 based on the allegations in their FAC.

16 – OPINION & ORDER

included in the total amount Plaintiffs owed to cure the default, and included amounts for which Defendants had provided no accounting in response to Plaintiffs' QWR. *Id*. ¶¶ 66–67. Defendant CRC offers no specific argument as to why Plaintiffs have failed to state a claim for declaratory relief based on those allegations. Consequently, the Court denies CRC's motion to dismiss Plaintiffs' claim for declaratory relief in paragraph 77 of Plaintiffs' FAC.

      B.      Claim Preclusion

Defendant CRC argues that Plaintiffs' other claims for declaratory relief are barred by claim and issue preclusion. CRC did not develop that argument, so the Court declines to address it.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [50]. Plaintiffs' claims based on Defendants' conduct during the 2011 OFAP mediation and Plaintiffs' 2012 bankruptcy are dismissed with prejudice. CRC's motion to dismiss Plaintiffs' Fair Debt Collection Practices Act claim is DENIED. Plaintiffs' claim for declaratory relief in paragraph 76 of their First Amended Complaint is dismissed without prejudice and with leave to amend. Plaintiffs' OUTPA claim based on OFAP issuing a Certificate of Compliance after the 2018 OFAP resolution conference is dismissed with prejudice. The Court DENIES the remainder of Defendants' motion to dismiss.

///

///

///

///

///

17 – OPINION & ORDER

Plaintiffs may file a second amended complaint curing the deficiencies identified in this Opinion & Order within fourteen (14) days.

IT IS SO ORDERED.

DATED: __March 10, 2021__ .

_____
MARCO A. HERNÁNDEZ
United States District Judge

18 – OPINION & ORDER