IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY C. GOSHA and KIT M.
GOSHA,                                          No. 3:19-cv-00470-HZ

              (PRO SE) Plaintiffs,              OPINION & ORDER

      v.

BANK OF NEW YORK MELLON
CORP., COMMUNITY LOAN
SERVICING, LLC, and CLEAR
RECON CORP,

              Defendants.

Gregor Hensrude
Klinedinst PC
701 Fifth Ave.
Suite 4150
Seattle, WA 98104

      Attorney for Bank of New York
      Mellon & Community Loan

Shannon K. Calt
Aldridge Pite LLP
111 SW Columbia St.
Suite 950

1 – OPINION & ORDER

Portland, OR 97201

     Attorney for Clear Recon Corp.

HERNÁNDEZ, District Judge:


# BACKGROUND

     The decade-long controversy animating this case revolves around the Defendants attempts to foreclose on Plaintiffs' home. Plaintiffs' claims arise out of various alleged procedural defects in the foreclosure process, allegedly rendering Defendants' current non-judicial foreclosure of Plaintiffs' home unlawful. Compl. ¶¶. This case, and a prior suit before Judge Brown, have a long and convoluted history. This opinion recounts only the facts necessary to resolve the pending motions.

     Plaintiffs obtained a cash-out loan in October 2005, taking substantial cash out of their home and modifying their mortgage terms. Gosha Dep. 22–25; BONY Mot. Ex. A. In August 2011, after their loan payments increased substantially per month, Plaintiff stopped making payments. Gosha Dep. 14. Allegedly, they stopped paying because an agent of the loan servicer told them that help was only available if they were in default. Compl. ¶ 29. Their servicer subsequently issued several notices detailing the amount outstanding and "threatened foreclosure." Compl. ¶¶ 29–30; Gosha Dep. 38–40, BONY Mot. Ex. C.

     After years of bankruptcy proceedings and foreclosure mediation, Plaintiffs filed their first suit in this court to stop the foreclosure proceedings. *Gosha v. BONY Mellon,* 16-CV-0073-BR. Plaintiffs alleged that the deed of trust was void and that defendants committed fraud in attempting to foreclosure on the debt. After Judge Brown dismissed Plaintiffs' prior suit—with

prejudice—under Rule 12(b)(6), Defendants voluntarily rescinded their initial non-judicial foreclosure proceedings. Compl. ¶ 18.

To begin the non-judicial foreclosure process a second time, Defendant Bayview (now Community)—the loan servicer—invited Plaintiffs to participate in the Oregon Foreclosure Avoidance Program (OFAP) in June of 2018. Compl. ¶ 25; CRC Decl. Ex. C. The OFAP conference ended "with an adverse result for" Plaintiffs because Bayview was provided with a certificate of compliance, allowing them to pursue the nonjudicial foreclosure under Oregon law. Compl. ¶ 43 CRC Ex. E.

On October 10, 2018, Defendant Clear Recon Corp. recorded its second Notice of Default in Washington County. Compl. Ex. J. Before recording, Defendants had sent Plaintiffs several notices showing the amounts due and the amounts necessary to reinstate. *See, e.g.*, BONY MSJ Ex. E. On October 29, 2018, Plaintiffs sent a dispute letter to Defendant Clear Recon Corp. demanding that the foreclosure be rescinded because the order in which the notices were sent did not comply with Oregon law. Compl. ¶ 47. Shortly thereafter, Defendant Clear Recon rescinded the second notice of default and acceleration of the debt, recording a recission in Washington County on October 30. CRC Decl. Ex. G.

On December 22, 2018, Plaintiffs were served with another Trustee's Notice of Sale commencing the pending non-judicial foreclosure at the heart of the present case. Compl. ¶ 49, Ex. A. The notice indicated that the current beneficiary of the Deed of Trust is Defendant Bank of New York Mellon and the trustee is Defendant Clear Recon Corp. *Id.* at 4–5. The Notice reflected delinquent payments by Plaintiffs beginning in September of 2011, with a total required to reinstate of $247,892.26. *Id.* Along with the Notice of Sale, Defendants issued a third Notice of Default, which was recorded in Washington County on December 20, 2018.

A few months later, in April 2019, Plaintiffs began this round of litigation—filing this case. They sought to enjoin the trustee's sale and filed several claims for relief. Defendants then moved to dismiss, and the Court granted dismissal on several claims. The following claims remain and are at issue on summary judgment: (1) breach of contract claim against Defendants Clear Recon and Bayview; (2) Oregon Unfair Trade Practices Act claim against all Defendants; (3) a Real Estate Settlement Procedures Act (RESPA) claim against Bayview; and (4) a Fair Debt Collection Practices Act (FDCPA) claim against Clear Recon. Now, Defendants have moved for summary judgment on all claims.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

I.       **The Court grants Defendants' Motions for Summary Judgment**

The Defendants are entitled to judgment as a matter of law on each of the Goshas' claims. First, their breach of contract claim fails because the Plaintiffs conceded that they have not substantially performed under the relevant contract. Next, their FDCPA claim against Clear Recon fails because it is based on a perceived lack of authority under the relevant contract, but as explained in the breach of contract claim, that authority was not lacking. Finally, the OUTPA claim and the RESPA claim fail because there is no evidence that they incurred damages arising out of either claim, a required element under both statutes.

Before discussing these issues in depth, it is helpful to review the context surrounding these claims. Plaintiffs have not made mortgage payments in almost eleven years. Plaintiffs have already filed (and lost) one lawsuit in this district related to this same saga. Reviewing the Plaintiffs' briefing, it is clear to the Court that Plaintiffs believe they have been mistreated—they perceive Defendants as bad actors who concealed evidence and failed to work with Plaintiffs to implement a foreclosure mitigation procedure. But it is also clear to the Court that Plaintiffs mean to delay the foreclosure process by accusing the Defendants of impropriety at every turn.

They fail, however, to support their drastic allegations with relevant evidence. And with each new motion, their allegations grow ever more accusatory and extreme. *See* Pls.' Resp. to BONY MSJ 5–6 ("[Defendants are] willing[] to make false representations of fact to the Court because they believe that there will be no consequences. The Banks also believe that withholding evidence is without risk. Given the new revelations below, it is more likely, than not, that the Defendants have been concealing material evidence to gain unfair advantages in our litigation.") At this point, Plaintiffs' bare allegations are no longer sufficient. To survive summary judgement once Defendants showed that no genuine dispute of material existed and that they were entitled to judgment as a matter of law, Plaintiffs were required to point to specific evidence supporting valid legal claims—not merely make even more extreme allegations.

A.    <u>Plaintiffs cannot recover for any alleged breach because they failed to perform</u>

Under Oregon law, "a party to a contract who alleges that the other party has breached must prove performance of the party's own obligations under the contract, or demonstrate a valid tender of performance that was rejected." *Malot v. Hadley*, 86 Or. App. 687, 690, 740 P.2d 804, 805–06 (1987); *see also Slover v. Oregon State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570, 927 P.2d 1098, 1101 (1996) ("To state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, *plaintiff's full performance and lack of breach* and defendant's breach resulting in damage to plaintiff." (internal quotation marks and citation omitted)).

The Goshas' breach of contract claim, and perhaps their entire theory of this case, hinges on Defendants' alleged failure to comply with paragraph 22 of the deed of trust. In case of a borrowers' breach, paragraph 22 sets specific timelines and procedures for the lender to follow in order to accelerate the debt. According to the Goshas, when the Defendants began the

foreclosure process for the third time—in December 2018, two years after the first foreclosure lawsuit and seven years after the Goshas stopped making payments—the Defendants deviated from the procedure outlined in paragraph 22. The Goshas have not been precise or consistent in discussing this issue. In their second amended complaint, the Goshas deemed this noncompliance a material breach "because they were conditions precedent to the now cancelled December 2018 foreclosure that formed the basis of this lawsuit." SAC 35 ¶ 105. In their response to Defendants' motions for summary judgment, however, the Goshas seem to have pivoted, arguing that the Defendants actually first breached way back in 2005 by "adding undisclosed refinancing and modification restrictions to the loan." The Court construes Plaintiffs' shifting arguments liberally. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (explaining that courts must construe pro se motions liberally).

No matter how you spin it, a fatal flaw appears throughout Plaintiffs' breach of contract claims: the Goshas have not performed their fundamental obligation under the agreement they seek to enforce, i.e., the deed of trust. The first "uniform covenant" in the deed states "Borrower shall pay when due…the debt evidenced by the Note." BONY MSJ Ex. A, 10. And in Mr. Gosha's deposition, when asked what he understood his obligations under the trust deed to be, he responded "[t]o make each monthly payment." BONY MSJ Ex. B, 24. Yet Plaintiffs had not made payments for *seven years* before the foreclosure at issue here and its allegedly deficient procedure.[1] And, to this day, they have still not made any additional payments. Their last payment was in 2011. This acknowledged failure to perform under the agreement precludes their claim seeking damages for the Defendants' alleged failure to comply with paragraph 22 of the

---

[1] Indeed, the Goshas have no designs on *ever* making another payment. Trans. Oral Arg. 34: 14-17, Mr. Gosha: "I will never have to make another payment ever again."

same agreement. Indeed, the same logic would bar any claim seeking damages or performance under the agreement.[2] More to the point, determining whether Defendants breached is unnecessary given Plaintiffs prior, material breach. *See Malot*, 740 P.2d at 805–06. Because Plaintiffs breached the agreement themselves, they cannot show that they performed their obligations under the agreement—a requirement for proving a breach of contract claim under Oregon law. Thus, viewing the evidence in the light most favorable to Plaintiff, they cannot show that they performed under the deed of trust, and judgment for Defendants on this claim is appropriate as matter of law.

    B.    <u>Plaintiffs' remaining claims also fail</u>

        The Court notes at the outset that both Plaintiffs and Defendants devoted little attention to the Oregon UTPA claim, the RESPA claim, or the FDCPA claim, in either their summary judgment briefing or at oral argument. *See* BONY MSJ 9–10; Pls.' Resp. to BONY MSJ 5; CRC MSJ 15–18; Pls. Resp. to CRC MSJ 11–12. The heart of this case, at least as presented in the SAC, is the breach of contract claim. Indeed, the parties indicated that they were uncertain whether the other claims could continue if Plaintiffs' breach of contract claim failed—as the Court concluded above. *See* BONY MSJ 6. With respect to the FDCPA claim, the Court agrees that this claim is premised on the breach of contract claim and that it fails for the same reasons described above. *See* SAC ¶ 164 ("[Defendant] violated the [FDCPA] because it commenced its…action without authority as set forth in the *Breach of Contract* claim" (emphasis added)). Accordingly, because Plaintiffs cannot show that Defendants lacked authority to foreclose under

---

[2]To the extent the Goshas now argue that the agreement was unenforceable or unconscionable from the start, *see* Resp. to BONY MSJ 17–20, the Goshas have presented no evidence of such issues beyond their self-serving statements made at the eleventh hour.

the agreement for failing to comply with paragraph 22, judgment is appropriate for Defendants on Plaintiffs' FDCPA claim.

Still, construing Plaintiffs' SAC and responses liberally, the Court determines that the Oregon UTPA claim and the RESPA claim may not rely on the same theory as the breach of contract claim. Even construed liberally, however, the Court concludes that each of these claims fail for a common reason: Plaintiffs' failure to provide evidence of cognizable damages.

Each claim requires a plaintiff to prove damages. To recover under Oregon's UTPA, "a plaintiff must prove is that (1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice." *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 127, 361 P.3d 3, 28 (2015). The act declares myriad practices unlawful. *See* ORS 646.608. Here, Plaintiffs alleged that Defendants violated the act by "misrepresenting to a borrower any material information regarding a loan modification," by "misrepresenting any information set forth in an affidavit, declaration, or other sworn statement detailing a borrower's default and the servicer's right to foreclose," by "failing to comply with the requirements of the Real Estate Settlement Procedures Act," and by "failing to deal with a borrower in good faith." SAC ¶¶ 116, 117, 120, 122.

Similarly, a RESPA claim requires a plaintiff to show that a servicer failed to respond to a qualified written request and that, because of the servicer's failure to respond, the plaintiff suffered actual damages. *See* 12 U.S.C. § 2605(e–f); *Schwartz v. Christiana Tr.*, No. 3:15-CV-02075-PK, 2016 WL 3512441, at *5 (D. Or. June 2, 2016), *report and recommendation adopted,* No. 3:15-CV-02075-PK, 2016 WL 3512069 (D. Or. June 27, 2016), *aff'd,* 700 F. App'x 696 (9th Cir. 2017); *see also Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012).

Plaintiffs alleged that Defendants violated RESPA by responding to their qualified written request with instructions to visit a website to receive additional information rather than providing that information in the response itself.

Here, even assuming that Plaintiffs' OUTPA and RESPA claims are otherwise well-supported, Defendants have shown that no reasonable factfinder could conclude that Plaintiffs suffered any damages from those alleged violations.[3] The Court first observes that Plaintiffs have not meaningfully responded to Defendants' summary judgment arguments that they failed to show damages supporting these claims. *See* Pls. Resp. to BONY MSJ 25–26; Pls. Resp. to CRC MSJ 11–13. So, the Court could consider these facts undisputed and, because damages are a required element of both claims, conclude that these claims should be dismissed without further analysis. *See Heinemann v. Satterberg*, 731 F.3d 914, 916–17 (9th Cir. 2013). Instead, the Court finds that the Plaintiffs' themselves have confirmed that no damages arose out of these alleged violations. Contrary to the allegations in their second amended complaint, Plaintiffs did not incur internet charges in having to look up information related to their RESPA requests, Gosha Dep. 102–03, and they did not rent a storage shed because of any alleged violations, Gosha Dep. 94–97. Instead, they had already incurred the internet charges and were responsible for paying them regardless of whether they used the internet to look up the information that Defendants

---

[3]Even assuming the claims are otherwise well-supported requires stretching the imagination. For example, to rebut Defendants' evidence showing that there were no numerical misrepresentations in any document sent to Plaintiffs, Plaintiffs merely respond that their OUTPA claim should survive because this evidence "cannot be believed." Pls.' Resp. to BONY MSJ 26. And as for the RESPA claims, Plaintiffs seem to argue that the records they received in response to their qualified written request are inaccurate because they have "passed from entity-to-entity multiple times," and Plaintiffs encourage the Court to use state-law rules of evidence to reject these documents. Pls. Resp. to CRC MSJ 13. In short, were the Court to look beyond the damages deficiencies, these would still not survive because Plaintiffs have responded to Defendants' motions with bombastic allegations, not specific facts supporting their claims.

referenced in response to their RESPA request. Gosha Dep. 103. And the storage shed was actually rented in 2010—during the first foreclosure—and they stopped paying for it in December 2018, during the events at issue here. Gosha Dep. 107. Thus, neither the internet charges nor the cost of the storage shed arouse out of either alleged statutory violation but rather were costs the Plaintiffs would have incurred regardless. If they would have been incurred regardless, then they were not caused by the alleged statutory violations. In sum, Plaintiffs have not pointed to evidence showing that they incurred any cognizable damages arising out Defendants' alleged violations—a required element of both claims. Accordingly, Plaintiffs' OUTPA and RESPA claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment (ECF 79 & 82) are GRANTED.

IT IS SO ORDERED.

DATED:_____August 30, 2022_____.


MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER