IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY C. GOSHA and KIT M.
GOSHA,

        Plaintiffs,

v.

BANK OF NEW YORK MELLON
CORP.; COMMUNITY LOAN
SERVICING, LLC; and CLEAR
RECON CORP,

        Defendants.

No. 3:19-cv-00470-HZ

OPINION & ORDER

Gary M. Gosha
Kit M. Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062

    Plaintiffs, *Pro Se*

Gregor Hensrude
Klinedinst PC
701 Fifth Ave.
Suite 4150
Seattle, WA 98104

    Attorneys for Defendants Bank of New York Mellon Corporation and Community Loan
    Servicing, LLC

Shannon K. Calt
Aldridge Pite LLP
111 SW Columbia St.
Suite 950
Portland, OR 97201

    Attorneys for Defendant Clear Recon Corp.

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Plaintiffs' Motion to Reconsider Summary Judgment Opinion and Order pursuant to Rule 59(e) [ECF 107]. For the following reasons the Court grants Plaintiffs' Motion to the extent that the Court reconsiders its August 30, 2022 Opinion and Order granting Defendants' Motions for Summary Judgment. The Court, however, adheres to its decision to grant Defendants' Motions for Summary Judgment.

## BACKGROUND

The parties are familiar with the underlying factual background of this case, therefore, the Court does not recite it again here.

On February 28, 2022, Defendants filed Motions for Summary Judgment in which they sought judgment in their favor on all of Plaintiffs' claims.

The Court heard oral argument on Defendants' Motions on May 17, 2022.

On August 30, 2022, the Court issued an Opinion and Order in which it granted Defendants' Motions and dismissed Plaintiffs' claims with prejudice. On that same date the Court entered a Judgment in favor of Defendants.

On September 28, 2022, Plaintiffs filed a Motion to Reconsider Summary Judgment Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e).[1] The Court took the matter under advisement on October 19, 2022.

---

[1] Plaintiffs' are proceeding *pro se* and, therefore, the Court must liberally construe their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court construes Plaintiffs' Motion as one to alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

**STANDARDS**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or to amend judgment no later than 28 days after the entry of judgment. "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)(quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

**DISCUSSION**

In their Motion Plaintiffs assert relief under Rule 59(e) is warranted because this Court committed clear error. Plaintiffs, however, do not present any new evidence, facts, law, or argument to support their clear error assertion. Instead Plaintiffs reiterate the same arguments they submitted at summary judgment and assert the Court should reach a different conclusion.

As the Court noted in its August 30, 2022 Opinion and Order, the undisputed evidence established that Plaintiffs defaulted; Plaintiffs did not present any evidence that they could cure the default; and, in fact, Gary Gosha indicated at oral argument that Plaintiffs did not intend to ever make another payment on their mortgage.

In addition, although Plaintiffs assert summary judgment was premature because they needed further discovery, Plaintiffs did not identify at or before summary judgment what discovery they needed to conduct or why they could not complete it prior to summary

judgment. Moreover, the record reflects Plaintiffs received over 6,000 pages of discovery before conducting depositions and that Plaintiffs took all of the depositions they sought before summary judgment.

The Court also has already considered Plaintiffs' evidence regarding damages and concluded it did not constitute damages under the Oregon Unfair Trade Practices Act or the Real Estate Settlement Procedures Act (RESPA). For example, the Court found neither the internet charges nor the cost of the storage shed arose out of either alleged statutory violation but rather were costs the Plaintiffs would have incurred regardless of the alleged violations. In addition, the $175 Plaintiffs paid for the foreclosure mediation program was not damages because it was required by Oregon statute and the Court found Plaintiffs defaulted, which made the proceedings warranted.

Finally, Plaintiffs contend they "do not have an obligation to make mortgage payments because they were discharged in bankruptcy." Pls.' Mot. [ECF 107] at 13. The Ninth Circuit, however, has held a bankruptcy discharge is not "effective . . . to void a lien or otherwise impair a creditor's state-law right of foreclosure." *In re Blendheim*, 803 F.3d 477, 493 (9th Cir. 2015). The court explained that under the bankruptcy code "'a discharge' operates as an injunction against a creditor's ability to proceed against a debtor personally." *Id.* (citing 11 U.S.C. § 524(a)(2) (a discharge "operates as an injunction against . . . an action . . . to collect, recover or offset any such debt as a *personal liability* of the debtor" (emphasis in *Blendheim*)). "Discharges leave unimpaired a creditor's right to proceed *in rem* against the debtor's property." *Id. See also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991)("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor *in personam* - while leaving intact another - namely, an action against the debtor *in rem*."). Accordingly, although

Plaintiffs' bankruptcy relieved them of personal liability for the loan obligation, Plaintiffs' failure to make mortgage payments still constitutes a breach of the terms of the loan and a nonjudicial foreclosure may proceed.

The Court, therefore, concludes Plaintiffs have not established the Court committed clear error when it granted Defendants' Motions for Summary Judgment. Accordingly, the Court adheres to its August 30, 2022 Opinion and Order.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Reconsider Summary Judgment Opinion and Order [ECF 107] to the extent that the Court reconsiders its August 30, 2022 Opinion and Order granting Defendants' Motions for Summary Judgment. The Court, however, ADHERES to its decision to grant Defendants' Motions for Summary Judgment and to dismiss the matter with prejudice.

IT IS SO ORDERED.

DATED:November 1, 2022.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge